1

2

3

4

5

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7

8

9   BRANDY KOVIS and LINDSEY
    BERG,

10          Plaintiffs,                         NO.  CV-06-5060-RHW

11

12          v.

13  UNITED STATES OF AMERICA,                   **ORDER GRANTING
    DEPARTMENT OF THE                           DEFENDANT'S MOTION TO
14  TREASURY, OFFICE OF THE                     DISMISS FOR LACK OF
    INTERNAL REVENUE SERVICE,                   JURISDICTION**

15          Defendants.

16

17        Before the Court is the United States' Motion to Dismiss for Lack of

18  Jurisdiction (Ct. Rec. 6).  This motion was heard without oral argument.

19                          <u>**BACKGROUND FACTS**</u>

20        Plaintiffs are two sisters whose father, Brian Paul Berg, died on November

21  20, 2005.  On October 12, 2005, shortly before his death, Mr. Berg filed a Chapter

22  13 bankruptcy in the Eastern District of Washington Bankruptcy Court.  Mr. Berg

23  was fired from his job on October 13, 2005.  Mr. Berg's bankruptcy was converted

24  to a Chapter 7 bankruptcy on December 22, 2005.  The bankruptcy estate has been

25  fully administered, and Mr. Berg received a discharge on March 29, 2006.  The

26  IRS claims a "priority" debt of $499.34 and a secured debt of $41,047.03.

27        Plaintiffs Kovis and Berg were the sole beneficiaries of funds contained in

28  an IRA account owned by their father.  At the time of his death, the funds

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS * 1

1 amounted to approximately $23,770.08.  These funds were excluded as a matter of

2 law from both the probate and the bankruptcy estates of Mr. Berg.  The IRA funds

3 are the only possible assets from which the IRS could satisfy its debt.  Plaintiffs

4 received the IRA funds and deposited them in a savings account pending the

5 outcome of this dispute.  The IRS has not actually made a claim to the IRA funds

6 at issue via an administrative levy.

7 Plaintiffs ask for a declaratory judgment holding that the Plaintiffs, as

8 beneficiaries of the IRA funds, take the funds free and clear of any interest claimed

9 by the IRS.  Plaintiffs also seek injunctive relief prohibiting the IRS from attaching

10 or otherwise pursuing the IRA funds pending the resolution of this dispute, along

11 with attorneys' fees and costs.

12 Plaintiffs filed their claim in Franklin County Superior Court on June 22,

13 2006.  Defendants removed the case to this Court on August 7, 2006.  The action

14 was properly removed pursuant to 28 U.S.C. § 1442(a)(1), in that it is a civil action

15 commenced in a state court against the United States involving the collection of

16 revenue.  The United States clearly stated in its Notice of Removal that, by filing

17 the notice, it did not waive any defenses listed in Federal Rule of Civil Procedure

18 12.

19 **DISCUSSION**

20 The Government moves to dismiss this case pursuant to Federal Rule of

21 Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  As an initial

22 matter, the Government points out that, while Plaintiffs have named the Treasury

23 Department and the Internal Revenue Service as Defendants, a review of the

24 substance of Plaintiffs' claims reveals they are attempting to restrain the

25 Government from exerting a claim to the IRA funds at issue.  To the extent the

26 relief requested in a Complaint, if granted, would result in a judgment that would

27 expend itself on the public treasury or restrain the federal government from action

28 or interfere with public administration, the suit constitutes an action against the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS * 2

1    United States.  *Dugan v. Rank*, 372 U.S. 609, 620 (1962).  Therefore, the Treasury

2    Department and the IRS are dismissed as Defendants from this matter.

3         Plaintiffs brought their suit pursuant to state law, specifically the Declaratory

4    Judgment Act, codified at RCW § 7.24.  The Government correctly points out,

5    however, that the federal Declaratory Judgment Act, 28 U.S.C. § 2201, prohibits

6    suits for declaratory judgment when federal taxes are at issue, and the Anti-

7    Injunction Act, 26 U.S.C. § 7421, prohibits suits to restrain the assessment or

8    collection of tax, with certain exceptions not applicable here.  If, and when, the IRS

9    does levy those funds, Plaintiffs have a legal remedy under 26 U.S.C. § 7426(a)(1),

10   which authorizes suit for a wrongful levy.  Now that this matter has been properly

11   removed to federal court, these federal statutes preempt Washington's Declaratory

12   Judgment Act, which is simply a grant of jurisdiction to Washington State courts.

13   *See* Wash. Rev. Code § 7.24.140 ("This chapter shall be so interpreted and

14   construed as to effectuate its general purpose to make uniform the law of those

15   states which enact it, and to harmonize, as far as possible, with federal laws and

16   regulations on the subject of declaratory judgments and decrees.").

17        It is elementary that the United States may not be sued without its consent,

18   and that the terms of that consent define the Court's jurisdiction.  *See United States*

19   *v. Dalm*, 494 U.S. 596, 608 (1990).  Therefore, where the United States has not

20   consented to suit, the Court lacks jurisdiction over the subject matter and dismissal

21   is required.  *See, e.g.*, *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir.

22   1982).

23        The Declaratory Judgment Act is a general grant of jurisdiction to federal

24   courts to grant declaratory relief.  28 U.S.C. § 2201(a).  However, it specifically

25   bars the granting of declaratory relief "with respect to Federal taxes."  *See Noland*

26   *v. Westover*, 172 F.2d 614, 615 (9th Cir. 1949), *cert. denied* 337 U.S. 938 (1949);

27   *see also Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974).  This matter is a

28   controversy regarding federal taxes, and therefore the Court may not grant

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS * 3

1   Plaintiffs declaratory relief.

2       Plaintiffs also seek an injunction prohibiting the IRS from collecting the

3   unpaid taxes until this dispute is settled.  However, Congress has not waived the

4   federal government's sovereign immunity for such suits, and it has in fact

5   expressly barred such suits through the Anti-Injunction Act, 26 U.S.C. § 7421.  *See*

6   *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992).  The Anti-

7   Injunction Act provides, with certain exceptions not relevant here, that "no suit for

8   the purpose of restraining the assessment or collection of any tax shall be

9   maintained in any court by any person."  26 U.S.C. § 7421.  Moreover, the Anti-

10  Injunction Act applies even when the injunction is sought by a third party rather

11  than the taxpayer.  *Educo, Inc. v. Alexander*, 557 F.2d 617, 620 (7th Cir. 1977)

12  (citing *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 760 (1974)).

13      The Supreme Court has held that the Anti-Injunction Act "applies not only

14  to the actual assessment or collection of a tax, but is equally applicable to activities

15  leading up to, and culminating in, such assessment and collection."  *Bob Jones*

16  *Univ.*, 416 U.S. at 738-39.  A suit that falls within the Act's proscription must be

17  dismissed for lack of subject matter jurisdiction.  *Alexander*, 416 U.S. at 757-58.

18  Accordingly, the Court does not have subject matter jurisdiction over Plaintiffs'

19  suit.

20      Plaintiffs argue that the Government's motion is inconsistent with its Notice

21  of Removal.  However, the Government expressly reserved any motions under

22  Rule 12 within its removal notice.

23      Plaintiffs assert this is not a dispute regarding federal taxes.  Instead, they

24  insist they do not dispute the underlying tax and paint this suit as a sort of quiet

25  title action.  The Anti-Injunction Act cannot be circumvented by framing the

26  Complaint as a quiet title action.  *Fisher v. United States*, 860 F. Supp. 680, 683

27  (D. Ariz. 1994).  The Government recognizes in its reply that there is a statute that

28  permits suits of this nature, codified at 28 U.S.C. § 2410.  However, the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS * 4

1  Government notes Plaintiffs have not satisfied the pleading requirements to bring a

2  suit under § 2410, which requires setting forth with particularity the nature of the

3  government's interest or lien in the disputed property as described in the statute.

4  28 U.S.C. § 2410(b).

5       Next, Plaintiffs point out that, should the IRS place a levy on the property,

6  they would have a remedy under 26 U.S.C. § 7421.  This is correct.  However, the

7  IRS has not placed a levy on the funds, and Plaintiffs have not satisfied the

8  elements necessary to move forward with a suit under this subsection even if it

9  had.  *See* 26 U.S.C. §§ 7421(a)  (granting exception to Anti-Injunction Act for

10  certain actions) & 7426(b)(1) (authorizing courts to grant an injunction if a levy

11  "would irreparably injure rights in property which the court determines to be

12  superior to rights of the United States in such property").

13       Alternatively, Plaintiffs urge the Court, should it determine it lacks subject

14  matter jurisdiction, to remand the matter to State court because to rule otherwise

15  would force Plaintiffs to speculate as to any action the IRS may take in relation to

16  the funds at issue.  This argument demonstrates the un-ripe nature of Plaintiffs'

17  claim.  Plaintiffs admit they have to speculate as to if (and when) the IRS will

18  proceed against funds in their possession.  This goes to show that, even if there

19  were jurisdiction over Plaintiffs' claim, it is not an active case or controversy.  It is

20  not ripe, and it is therefore unsuitable for adjudication at this time by either federal

21  or state court.  *See Husek v. IRS*, 778 F. Supp. 598, 603 (N.D.N.Y. 1991).  A

22  remand would not cure the jurisdictional defects discussed above.

23       Accordingly, **IT IS HEREBY ORDERED:**

24       1.  The United States' Motion to Dismiss for Lack of Jurisdiction (Ct. Rec.

25  6) is **GRANTED**.

26       2.  The above-captioned matter is **DISMISSED with prejudice**.

27  ///

28  ///

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS * 5

1     **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

2 Order and forward copies to counsel and **close the file**.

3     **DATED** this 7th day of December, 2006.

4

*s/ Robert H. Whaley*

5

ROBERT H. WHALEY
Chief United States District Judge

6

7

8

9

10

11

Q:\CIVIL\2006\Kovis\dismiss.ord.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS * 6